***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff at all relevant times.
3. Safeco Insurance Company of America was the workers' compensation carrier on risk at all relevant times.
4. Plaintiff's average weekly wage is to be determined from the evidence offered at the hearing before the Deputy Commissioner.
5. The issues to be determined by the Commission are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer?
b) If so, what, if any, benefits is plaintiff entitled to receive?
 ***********
Based upon the findings of fact found by the Deputy Commissioner and the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACTS
1. Plaintiff was forty years old at the time of the hearing before the Deputy Commissioner and had completed high school as well as two semesters of community college.
2. Plaintiff initially began working for defendant-employer in January 1998, but he quit in March 1998. Thereafter, plaintiff returned to work for defendant-employer in January 1999, quitting on or about January 31, 1999.
3. When plaintiff quit work on January 31, 1999, he did not inform anyone that he had injured himself at any time during his period of employment with defendant-employer. In March 1999, plaintiff gave defendant-employer a hand written note indicating that he had sustained an injury to his lower back on February 4, 1999 while in the course and scope of his employment with defendant-employer.
4. Plaintiff filed a Form 33 on October 22, 1999, alleging that he had sustained his injury by accident on January 31, 1999, as opposed to February 4, 1999. However, during the hearing before the Deputy Commissioner, plaintiff testified that he had injured himself on January 4, 1999.
5. Plaintiff also testified that he does not recall any specific incident but that his back started to hurt as a result of his normal job duties and that his job aggravated his pre-existing back problems.
6. Prior to this alleged incident, plaintiff had injured his back on April 19, 1991, September 15, 1991 and on March 10, 1992 as well as in March 1995, May 1995, and February 1995 and on January 21, 1997. The first three injuries resulted in workers' compensation claims that were filed and settled in Hawaii in May 1993. Plaintiff alleges that as a result of these three injuries he has been restricted to light duty. The March 1995 back injury claim was the result of an automobile accident. The September 23, 1995 back injury also resulted from an automobile accident. Plaintiff settled both of these claims. Plaintiff had two additional claims for workers' compensation against two different employers, Wendy's and Ablest. These claims were also settled by agreements.
7. As a result of all these prior injuries, plaintiff was suffering chronic back pain and other difficulties at the time he sought employment with defendant-employer.
8. Plaintiff could not describe a specific incident at work on January 4, 1999 or January 31, 1999, but instead indicated that he believes his pre-existing back condition was worsened or aggravated by his job duties from January 1, 1999 through January 31, 1999.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he suffered an injury by accident or specific incident which caused a back injury or materially aggravated plaintiff's pre-existing back condition while in the course and scope of his employment with defendant-employer on January 4, 1999, January 31, 1999 or February 4, 1999. N.C.G.S. § 97-2.
2. Plaintiff has failed to prove by the greater weight of the evidence that plaintiff is entitled to recover any workers' compensation benefits in this matter. N.C.G.S. § 97-2.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits must under the law be and is hereby denied.
2. Each side shall bear its own costs.
This the ___ day of May 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN